IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| ANNETTE SUTFIN, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL NO.** |
| | ) | |
| vs. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | |
| BRAVO FARMS CHEESE, LLC, a | ) | |
| Foreign limited liability corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the plaintiff Annette Sutfin by and through her attorneys of record, DAVID W. BABCOCK, and Marler Clark, LLP, PS, and alleges as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1.     At all times relevant hereto, Annette Sutfin resided in Maricopa County, Arizona, and is thus a citizen of the state of Arizona.

2.     The defendant Bravo Farms Cheese, LLC is a limited liability corporation organized under the laws of the state of California, and with its principal place of business in California as well.  Bravo Farms is thus a citizen of the state of California.  At all times relevant hereto, Bravo Farms was a cheese manufacturer that produced and distributed cheese products to Costco locations in the southwestern United States, including locations in Maricopa County, Arizona.

3.     Subject matter jurisdiction in this matter is proper based on the diversity of the parties, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), both as required under 28 U.S.C. §1332(a)(2).

COMPLAINT FOR DAMAGES - 1

4.      Venue of this matter is proper in the United States District Court for the District of Arizona, pursuant to 28 U.S.C. §1391(a), as a substantial part of the events or omissions giving rise to the claim set forth herein occurred in this judicial district.

## II. FACTS

5.      The Outbreak:   On November 4, 2010, the Centers for Disease Control and Prevention (CDC) issued an alert to consumers and health professionals about an outbreak of *E.coli* O157:H7 in five states: Arizona, California, Colorado, New Mexico and Nevada. The alert was based on epidemiological evidence linking at least 25 *E. coli* O157:H7 illnesses in those states to a cheese product called "Bravo Farms Dutch Style Gouda Cheese" that the defendant manufactured and distributed to Costco Warehouses.  Costco offered the cheese product for sampling and sale at the "cheese road show" held at certain Costco Warehouses, including the location at Christown Spectrum Mall in Phoenix, Arizona, from October 5 to November 1, 2010.

6.      Further investigation by the CDC and various state and local health agencies demonstrated that the 25 *E. coli* O157:H7 cases from Arizona, California, Colorado, New Mexico and Nevada in the outbreak shared an indistinguishable DNA fingerprint pattern.  The fingerprint pattern has never been seen before in the PulseNet database, which is the national subtyping network made up of state and local public health laboratories and federal food regulatory laboratories.   The CDC and other health agencies in affected states continue to monitor for additional illnesses in the outbreak.

7.      The Plaintiff's E. coli O157:H7 infection:   On or about Friday, October 15, 2010, Annette Sutfin consumed a sample of Bravo Farms' Dutch Style Gouda Cheese at the Costco Warehouse located at Christown Spectrum Mall in Phoenix, Arizona.   The sample was contaminated by *E. coli* O157:H7 bacteria, a potentially lethal foodborne pathogen.

COMPLAINT FOR DAMAGES - 2

8.      Onset of symptoms related to Ms. Sutfin's *E. coli* O157:H7 infection occurred on or about Monday, October 18, 2010 with abdominal cramps.  The cramps continued Tuesday and Wednesday, becoming worse, and were joined early Thursday morning, October 21, 2010, by other gastrointestinal symptoms, including bouts of diarrhea.

9.      Ms. Sutfin went to work Thursday morning despite her symptoms, but was able to stay only for an hour.  Her symptoms were becoming increasingly worse.  That night, her bouts of diarrhea turned grossly bloody.

10.     Ms. Sutfin sought emergency treatment at St. Joseph's Medical Center on Thursday night.  There, she underwent a CT scan and rectal exam, and was given morphine for her severe pain.  She was discharged early Friday morning, October 22, 2010, with prescriptions for pain relievers and anti-nausea medications.

11.     Ms. Sutfin stayed at home, and mostly in bed, the rest of the day Friday and into Saturday morning, October 23, 2010.  Her symptoms remained severe.  By Saturday afternoon, the bouts of diarrhea appeared to consist purely of blood.

12.     Ms. Sutfin returned to St. Joseph's Medical Center on Saturday afternoon, and was immediately admitted.  During her hospitalization, Ms. Sutfin was treated for her severe gastrointestinal symptoms with pain management, intravenous hydration, a variety of diagnostic tests, and other measures.  She underwent a colonscopy as well.

13.     Ms. Sutfin was discharged the afternoon of Monday, October 25, 2010.  She had submitted a stool sample for testing while hospitalized, and was contacted by a Maricopa County Health Department official on or about Monday, November 1, 2010, who informed her that the stool sample had tested positive for *E. coli* O157:H7.  The official questioned Ms. Sutfin about foods she had recently eaten, including whether she had recently shopped at Costco.  After

COMPLAINT FOR DAMAGES - 3

additional conversations with health department officials, Ms. Sutfin was informed that the DNA pattern generated from her positive stool sample matched the strain associated with the *E. coli* O157:H7 outbreak linked to the defendant's Dutch Style Gouda Cheese product.

14.     Ms. Sutfin continued to be ill throughout the month of October 2010, and into November, with ongoing gastrointestinal symptoms.  She continues in her recovery.

### III.  <u>STRICT LIABILITY CLAIMS</u>

15.     The defendant is a product manufacturer, distributor and seller of the gouda cheese product that injured Ms. Sutfin.

16.     The defendant owed a duty to Ms. Sutfin to manufacture and distribute a product that was reasonably safe in construction, that did not materially deviate from applicable design specifications, and that did not otherwise deviate in some material way from otherwise identical units in its product line, but failed to do so.

17.     The defendant owed a duty to Ms. Sutfin to manufacture and distribute a product that conformed to its express warranties, *i.e.*, that the food was, among other things, not adulterated and was fit for human consumption, but failed to do so.

18.     The defendant owed a duty to Ms. Sutfin to manufacture and distribute a product that conformed to its implied warranties, including, but not limited to, the implied warranty that the food was fit for human consumption, but failed to do so.

19.     The gouda cheese product infected Ms. Sutfin with *E. coli* O157:H7 was not reasonably safe in construction, and did not conform to defendant's express or implied warranties, because it was contaminated and adulterated with, among other things, *E. coli* O157:H7.

COMPLAINT FOR DAMAGES - 4

20.     Because the gouda cheese product was not reasonably safe in construction, and did not conform to defendant's express or implied warranties, the defendant is strictly liable to Ms. Sutfin for the harm proximately caused by the contaminated food.

21.     As a direct and proximate result of the defendant's culpable acts and omissions, Ms. Sutfin suffered severe and permanent personal injuries, as well as substantial economic loss.

## IV.  NEGLIGENCE CLAIMS

22.     The defendant breached the standard of care in manufacturing, distributing and selling a product that was not reasonably safe.

23.     The defendant was negligent in manufacturing, distributing and selling a product that was not reasonably safe because it was contaminated with *E. coli* O157:H7, and because adequate warnings or instructions were not provided, including, but not limited to, the warning that the gouda cheese product may contain *E. coli* O157:H7.

24.     The defendant had a duty to comply with all applicable federal and state statutory and regulatory provisions that pertained or applied to the manufacture, distribution, storage, labeling, and sale of food products, including, but not limited to, the Federal Food, Drug, and Cosmetics Act, which bans the manufacture, sale and distribution of any "adulterated" food, but failed to do so.  Ms. Sutfin is among the class of persons intended to be protected by the statutory and regulatory provisions pertaining to defendant's manufacture, distribution, storage, labeling, and sale of food.

25.     The defendant had a duty to use supplies and/or raw materials in producing and distributing products that were in compliance with applicable federal, state, and local laws, ordinances and regulations; that were from safe and reliable sources; that were clean, wholesome

and free from contamination and adulteration; and that were safe for human consumption, but failed to do so.

26.     As a direct and proximate result of the defendant's culpable acts or omissions, Ms. Sutfin suffered severe and permanent personal injuries, as well as substantial economic loss.

## V.  BREACH OF WARRANTIES

27.     The defendant is liable to Ms. Sutfin for breaching express and implied warranties made to her, or for which she was the intended third-party beneficiary, with respect to the gouda cheese product that caused her *E. coli* O157:H7 infection and resulting injuries.

28.     The contaminated gouda cheese product was not fit for the uses and purposes intended by the defendant, as represented by the defendant, and thus was in breach of implied warranties of fitness for its intended use.

29.     As a direct and proximate result of the defendant's breach of warranties, Ms. Sutfin suffered severe and permanent injuries.

## VI.  DAMAGES

30.     Plaintiff has suffered general and special, incidental and consequential damages as the direct and proximate result of the acts and omissions of the defendant, which damages shall be fully proven at the time of trial.  These damages include, but are not limited to: damages for general pain and suffering; permanent physical injury; damages for loss of enjoyment of life, both past and future; medical and medical related expenses, both past and future; travel and travel-related expenses, past and future; emotional distress, and future emotional distress; pharmaceutical expenses, past and future; related wage and lost earning capacity damages, and all other ordinary, incidental and consequential damages as would be anticipated to arise under the circumstances.

COMPLAINT FOR DAMAGES - 6

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

(1)     That the Court award plaintiff judgment against defendant, in such sums as shall be determined to fully and fairly compensate the plaintiff for all general, special, incidental and consequential damages incurred, or to be incurred, as the direct and proximate result of the acts and omissions of defendant, in an amount to be proven at trial;

(2)     That the Court award plaintiff her costs, disbursements and reasonable attorneys' fees incurred;

(3)     That the Court award plaintiff the opportunity to amend or modify the provisions of this complaint as necessary or appropriate after additional or further discovery is completed in this matter, and after all appropriate parties have been served; and

(4)     That the Court award such other and further relief as it deems necessary and proper in the circumstances.

SIGNED AND DATED this 8th day of November, 2010.


MARLER CLARK, L.L.P., P.S.



/s/ David W. Babcock
David W. Babcock
Arizona Bar No. 18978
Attorney for Plaintiffs
701 5th Avenue, Suite 6600
Seattle, Washington  98104
Tel:  206-346-1888
Fax:  206-346-1898
E-mail:  dbabcock@marlerclark.com

Attorney for Plaintiff


COMPLAINT FOR DAMAGES - 7